# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KIM E. ROCKWELL,
    Appellant,

  v.

DEPARTMENT OF THE TREASURY,
    Agency.

DOCKET NUMBER
SF-0752-17-0405-I-1

DATE: April 24, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Kim E. Rockwell, Clovis, California, pro se.

Emily Urban, Esquire, San Francisco, California, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her reduction-in-grade appeal as settled. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

Effective April 16, 2017, the agency reduced the appellant in grade from a supervisory position to a nonsupervisory position for failure to follow managerial directives and failure to follow disclosure policies. Initial Appeal File (IAF), Tab 4 at 13-17. The appellant timely appealed her reduction in grade to the Board, and the parties subsequently reached an agreement to settle the appeal. IAF, Tabs 1, 10-11. Under the terms of the settlement agreement, the agency agreed to place the appellant in a Supervisory Tax Examining Technician position within a different division and provide back pay for the time she occupied a nonsupervisory position. IAF, Tab 11 at 4. The appellant agreed, among other things, that "even one instance of failing to meet" the enumerated Team Leader Expectations attached to the settlement agreement during the 1-year period would constitute a violation of the last chance agreement (LCA) and warrant a demotion. *Id.*

The administrative judge conducted a telephonic conference with the appellant concerning the settlement agreement; the agency waived its right to participate in the conference. IAF, Tab 13, Initial Decision (ID) at 2. During the conference, the appellant affirmed that her entry into the settlement agreement was voluntary and that she agreed with the date on which her reassignment would

become effective.  IAF, Tab 12; ID at 2.  The administrative judge explained to the appellant the consequences of the waiver of Board appeal rights agreed upon by the parties in the LCA.  IAF, Tab 11 at 5, Tab 12; ID at 2.  The administrative judge further clarified the limited basis for Board review of an LCA and advised the appellant that the Board would have enforcement authority over the settlement agreement.  IAF, Tab 12; ID at 2.  The appellant stated that she understood and consented to the terms of the LCA.  IAF, Tab 12; ID at 2.

In an August 4, 2017 initial decision, the administrative judge found that the settlement agreement appeared lawful on its face and that the parties had indicated that they understood and accepted the terms of the agreement.  ID at 2.  Accordingly, the administrative judge entered the settlement agreement into the record for purposes of enforcement and dismissed the appeal as settled.  *Id*.  The administrative judge notified the parties that the initial decision would become final on September 8, 2017, unless a petition for review was filed by that date.  ID at 4.

The appellant filed a pleading titled, "Response to Request for Reopening," on February 8, 2018, more than 6 months after the initial decision was issued.  Petition for Review (PFR) File, Tab 1.  The Office of the Clerk of the Board notified the appellant that the Board considered her submission to be a petition for review and that the petition was untimely filed because it was not filed by September 8, 2017.  PFR File, Tab 2 at 1.  The Clerk's Office instructed the appellant how to file a motion to accept the petition as timely or to waive the time limit for good cause.  *Id*. at 2.  The appellant filed such a motion.  PFR File, Tab 3.  The agency filed a response opposing the petition for review, arguing that the appellant's apparent request to rescind the settlement agreement lacks merit.  PFR File, Tab 4.

**DISCUSSION OF ARGUMENTS ON REVIEW**

On review, the appellant states that, during a meeting on January 8, 2018, an operation manager informed her that the agency was "demoting [her] back to the tax examiner position" due to poor performance. PFR File, Tab 1 at 3. The appellant asks the Board to review the recorded conversation between herself and the administrative judge regarding the settlement agreement, arguing that her "worst fears [had] happened" and that she had been "set up for failure." *Id.* In her "Motion to Waive the Time Limit," the appellant does not address the timeliness of her petition for review. PFR File, Tab 3 at 3. Rather, she repeats her statements regarding the January 8, 2018 meeting, asserting that she had believed she was performing well in the management position prior to the meeting. *Id.* Regarding the settlement agreement, the appellant states that she had "voice[d] her concerns" that she was "not comfortable with the wording of the agreement" with the administrative judge during the telephonic conference, who purportedly instructed the appellant to contact her with any problems regarding the settlement agreement. *Id.* Finally, the appellant asserts that, "[l]ooking back," she should have asked to start the new position at a different time due to seasonal differences in the office's operations. *Id.*

We do not reach the issue of the apparent untimeliness of the appellant's petition for review because, for the following reasons, we find that the appellant has failed to present any basis for disturbing the initial decision dismissing the appeal as settled.

The party seeking to set aside a settlement agreement bears a heavy burden. *Owen v. U.S. Postal Service*, 87 M.S.P.R. 449, ¶ 7 (2000). A party may challenge the validity of a settlement agreement on the basis that the agreement is unlawful, involuntary, or the result of fraud or mutual mistake. *Brown v. Department of the Interior*, 86 M.S.P.R. 546, ¶ 11 (2000). Here, the appellant does not explicitly challenge the settlement agreement on any of these bases. Rather, the appellant's brief statements on review implicitly challenge the terms of the settlement

agreement, including the waiver of the right to receive advance notice of any agency action taken pursuant to the LCA and the provision stating that even one instance of failing to meet the expectations of the Supervisory Tax Examining Technician position would constitute a violation of the LCA.  PFR File, Tab 1 at 3, Tab 3 at 3; IAF, Tab 11 at 4-5.

Having reviewed the recording of the telephonic conference between the appellant and the administrative judge, pursuant to the appellant's request, we find that the administrative judge clearly explained to the appellant the consequences of waiving her Board appeal rights under the LCA.  IAF, Tab 12; PFR File, Tab 1 at 3, Tab 3 at 3.  We further find that the appellant verbally affirmed that she understood and consented to the terms of the LCA, including the date on which her reassignment would become effective.  IAF, Tab 12.  The appellant, who was represented by counsel during settlement negotiations,[2] has not submitted any evidence showing that she was unable to understand the nature of the LCA or that her decision was not an informed one.  *See Wade v. Department of Veterans Affairs*, 61 M.S.P.R. 580, 584 (1994).  As such, the appellant's dissatisfaction with the terms she agreed to is insufficient to warrant setting aside the settlement agreement.  *See Hinton v. Department of Veterans Affairs*, 119 M.S.P.R. 129, ¶ 4 (2013); *Henson v. Department of the Treasury*, 86 M.S.P.R. 221, ¶ 10 (2000).  The appellant's arguments about the favorability of a different start date of her new position due to seasonal operational differences do not evince any type of mutual mistake, misinformation, or agency wrongdoing such as would be the basis for invalidating the settlement agreement. *See Washington v. Department of the Navy*, 101 M.S.P.R. 258, ¶ 18 (2006)

---

[2]  Although the record contains no designation of representative on behalf of the appellant, a union representative presented the appellant's oral reply to the proposed reduction in grade and otherwise represented the appellant in proceedings concerning the agency action.  IAF, Tab 4 at 19-39, 58.  The union representative also was involved the settlement discussions and signed the LCA agreement as the appellant's representative.  IAF, Tab 11 at 10; PFR File, Tab 4 at 5, 12-13, 16-18, 31.

(noting that the appellant's unilateral misunderstanding of the consequences of accepting the settlement would not be a basis for setting aside the agreement).

As the administrative judge explained to the appellant during the telephonic conference discussing the settlement agreement, the Board lacks jurisdiction over an action taken pursuant to an LCA in which an appellant waives her right to appeal to the Board.  ID at 2; *see Rhett v. U.S. Postal Service*, 113 M.S.P.R. 178, ¶ 13 (2010).  However, an individual contesting an appealable adverse action such as a reduction in grade can establish that a waiver of appeal rights in an LCA should not be enforced by showing one of the following:  (1) she complied with the LCA; (2) the agency materially breached the LCA or acted in bad faith; (3) she did not voluntarily enter into the LCA; or (4) the LCA resulted from fraud or mutual mistake.  *See Rhett*, 113 M.S.P.R. 178, ¶ 13.  To the extent that the appellant believes that she has been subjected to an adverse action taken by the agency pursuant to the LCA and one of these exceptions applies to her circumstances, she may file an initial appeal of that action with the appropriate regional or field office; we make no finding whether the Board would have jurisdiction over such an appeal or whether it would be timely.  *See* 5 C.F.R. § 1201.22.  Should the appellant believe that the agency has otherwise not complied with the terms of the LCA, she may file a petition for enforcement of the settlement agreement with the Board's Western Regional Office.  *See Sharkey v. Department of Transportation*, 56 M.S.P.R. 156, 158 (1992) (holding that allegations that a party has failed to comply with a settlement agreement are properly a matter for initial consideration by the administrative judge on petition for enforcement), *aff'd*, 11 F.3d 1070 (Fed. Cir. 1993) (Table); 5 C.F.R. § 1201.182(a).

Accordingly, we deny the petition for review and affirm the initial decision.

**NOTICE OF APPEAL RIGHTS**[3]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.